# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

GARDNER BRADLEY,

    Plaintiff,

v.                                                        Civil Action No. 3:07CV112
                                                             (Judge Bailey)

GENERAL COUNSEL, KIM WHITE,
JOE DRIVER, and MR. HOWELL,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull [Doc. No. 14], dated November 8, 2007, and the plaintiff's Objections [Doc. No. 17] thereto filed on November 19, 2007. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's Report and Recommendation should be and hereby is **ORDERED ADOPTED**.

Plaintiff objects to the magistrate judge's finding that defendant Howell is not subject to personal jurisdiction in this Court. However, as noted in the Report and Recommendation, the law is clear. There are two forms of personal jurisdiction - specific and general. **Helicopteros Nacionales de Colombia, S.A. v. Hall**, 466 U.S. 408, 414 (1984). When a defendant's contacts with a State are not the basis of an action, then "jurisdiction over the defendant must arise from defendant's general, more persistent, but unrelated contacts with the state." **Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.**, 324 F.3d 390, 397 (4th Cir. 2003). The defendant's contacts and actions

in the state must have been "continuous and systematic." *Id.* General jurisdiction is more difficult to establish because the plaintiff must show that the defendant had sufficiently extensive contacts with the forum state apart from the acts alleged in the complaint. *See* **Helicopteros** at 414-16. The hallmark of general jurisdiction is that the defendant's contacts must be so extensive that he should reasonably foresee being haled into court in the forum state. **World-Wide Volkswagen Corp. v. Woodson**, 444 U.S. 286, 297 (1980).

Applying the standards of general personal jurisdiction to this case, it is clear that the magistrate judge came to the correct conclusion that this Court does not have personal jurisdiction over defendant Howell. There is no assertion that defendant Howell had any contacts with West Virginia sufficient to bring him under the jurisdiction of this Court.

Plaintiff also objects to the magistrate's finding that the plaintiff failed to exhaust his administrative remedies before filing suit. The plaintiff argues that the defendants' actions have rendered the administrative grievance system unavailable. However, the magistrate judge correctly noted that ground two of plaintiff's complaint (purposeful mis-classification of inmates to avoid review hearings) was not previously raised administratively and therefore must be dismissed. Furthermore, this Court finds that the discrimination claim (ground four) is based on the actions of defendant Howell, who is not subject to this Court's jurisdiction. This Court further finds that the plaintiff has not exhausted regarding the mis-classification of inmates claim (ground one). Plaintiff's appeal was received by the Mid-Atlantic Regional Office on August 6, 2007, and he filed his Complaint in this Court on August 23, 2007. Plaintiff did not allow thirty days for the Regional Office to reply. Furthermore, plaintiff failed to complete the third level in the administrative remedy process,

which is appealing to the Office of General Counsel. It is the opinion of this Court that the plaintiff has failed to exhaust as to ground one.

For the foregoing reasons and for the reasons stated in Magistrate Judge Kaull's Report and Recommendation [Doc. No. 14], the Court **ORDERS** that:

1. the plaintiff's claims under 42 U.S.C. § 1983 are hereby **DENIED** and **DISMISSED WITH PREJUDICE**;

2. grounds one and two are hereby **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust administrative remedies;

3. ground three is hereby **DENIED** and **DISMISSED WITH PREJUDICE** for failure to state a claim;

4. ground four is hereby **DENIED** and **DISMISSED WITH PREJUDICE** for lack of personal jurisdiction over defendant Howell;

5. plaintiff's Motion to Revoke Certification [Doc. No. 11] and Motion to Supplement his Claims [Doc. No. 12] are **DENIED**;

6. plaintiff's Motion [Doc. No. 19] and Motion to Rescind the Pleading for an Extension of Time [Doc. No. 9] are **DENIED AS MOOT**;

7. this case is hereby **CLOSED** and **STRICKEN** from this Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the plaintiff and all counsel of record.

**DATED:** March 14, 2008.

*/s/ John Preston Bailey*
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE